UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAN P. JUMONVILLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4022** |
| **CITY OF KENNER ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion of the City of Kenner, Mayor Edmund J. "Ed" Muniz, and Councilwoman-at-Large Jeannie M. Black for attorney's fees and costs is **GRANTED**. (Document #41.)

**IT IS FURTHER ORDERED** that the case is referred to the magistrate judge to determine the quantum of the award of attorney's fees and costs.

### BACKGROUND AND DISCUSSION

Jan P. Jumonville filed a petition for damages and an amended complaint against the defendants in their official capacities, alleging claims for violations of constitutional rights pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986; extortion and racketeering pursuant to 18 U.S.C. §§ 1951 and 1962; and state-law claims under the Louisiana Constitution and for defamation.

The court granted summary judgment in favor of the defendants. Jumonville did not

allege that there is a well-settled policy or custom in violation of her constitutional rights to support a claim under § 1983 against the City of Kenner and Mayor Muniz and Councilwoman Black in their official capacities.  Jumonville did not allege that the defendants' actions were motivated by racial animus in order to support a claim under §§ 1981, 1985, and 1986.  Jumonville did not have a private right of action under § 1951, and she did not establish a pattern of ongoing criminal activity to support a claim under § 1962.  Jumonville did not establish a violation of Article 1, section 4 of the Louisiana Constitution, and she did not establish that statements made at the City Council meeting and published to the newspaper were defamatory.

The defendants filed a motion for attorney's fees and costs as the prevailing party.  They argue that Jumonville's § 1983 claims were groundless and unreasonable.

"Under 42 U.S.C. § 1988(b), a district court, in its discretion, may award to the 'prevailing party' in a § 1983 action reasonable attorneys' fees."  Roark & Hardee LP v. City of Austin, __ F.3d __, 2008 WL 819509 *17 (5th Cir. 2008).   [A]ttorneys' fees are not automatically awarded to a prevailing defendant; an award is proper only upon a finding that the plaintiff's suit is 'frivolous, unreasonable, or groundless.'"  DeLeon v. City of Haltom City, 113 Fed. Appx. 577 (5th Cir. 2004) (quoting Christiansburg Garment Co. v. EEOC, 98 S.Ct. 694 (1978)).  The standard does not require a showing of bad faith on the part of the plaintiff.  Christiansburg Garment Co., 98 S.Ct. at 697.

Jumonville alleged that the City of Kenner violated her constitutional rights under the Due Process Clause, the Equal Protection Clause, the First Amendment, and the Fourteenth Amendment.  Specifically, she alleged that the City of Kenner, and the defendants in their

official capacities, selectively enforced its Code of Ordinances, retaliated against her, harassed her through malicious prosecution, failed to investigate and inspect the property, and failed to properly train and supervise Code enforcement personnel.  Jumonville did not allege grounds for her § 1983 claim because she did not identify an ordinance, regulation, or a well-settled custom or policy in violation of her constitutional rights.  Further, the evidence established that Jumonville was provided with notice, a hearing, and a reasonable period during which she could correct the problems with her property.

Accordingly, the § 1983 claim is groundless and unreasonable, and the defendants' motion for attorney's fees and costs is granted.  The case is referred to the magistrate judge to determine the quantum of the award to the defendants.

New Orleans, Louisiana, this  18th  day of April, 2008.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**