UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAN P. JUMONVILLE | CIVIL ACTION |
| VERSUS | NO: 06-4022 |
| CITY OF KENNER ET AL. | SECTION: "S" (3) |

### ORDER

**IT IS HEREBY ORDERED** that the City of Kenner's motion for preliminary injunction is **DENIED**.  (Document #57.)

### I. BACKGROUND

At a public hearing on July 20, 2006, the City of Kenner adopted Resolution No B-15147, ordering the demolition of structures on Jan P. Jumonville's property at 3857 Martinique Avenue and the removal of all debris.  Jumonville filed a "Petition for Damages and Appeal of the City of Kenner's Resolution" and an amended complaint against the City of Kenner, Mayor Edmond J. Muniz, and Councilwoman Jeannie M. Black, in their official capacities  She alleged claims, pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986 and 18 U.S.C. §§ 1951 and 1962, that the defendants conspired to deprive her of her rights under the Equal Protection Clause, the Due Process Clause, and the First and Fourteenth Amendments of the United States Constitution.  She also alleged state-law claims of a violation of her rights under Article 1

section 4 of the Louisiana Constitution and defamation.  The court granted the defendants' motion for summary judgment and entered judgment in favor of the defendants.

On May 22, 2008, the City of Kenner advised Jumonville that the property was scheduled for demolition on June 11, 2008.  On June 10, 2008, Jumonvilled filed a "Petition for Injunction, Appeal, Trial *de novo* and Damages" against the City of Kenner and Mayor Muniz in the 24th Judicial District Court for the Parish of Jefferson.  On July 15, 2008, Jumonvilled filed a "Petition for Temporary and Permanent Injunction and Damages" against the City of Kenner and Hamp's Construction, LLC, the City's demolition contractor, in the 24th Judicial District Court for the Parish of Jefferson.

The City of Kenner filed a motion for preliminary injunction to enjoin the state-court proceedings.

## II. DISCUSSION

The City of Kenner  filed this motion under the All Writs Act, 28 U.S.C. § 1651, and the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283.  The City of Kenner contends that the relitigation exception  applies to preclude litigation of the claim in state court. The City of Kenner argues that all of the claims in the state-court action arise out of the resolution that was the subject of the federal action and that the legality of the resolution and the City of Kenner's right to demolish the property has been fully litigated in the federal action.

Federal courts have broad injunctive powers, including the power to protect their judgments under the All Writs Act, 28 U.S.C. § 1651.  Federal courts are limited in their power to enjoin state court proceedings by the Anti-Injunction Act, 28 U.S.C. § 2283.  An exception to

that limitation exists where necessary to prevent relitigation of a federal court judgment in state court.  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment."  28 U.S.C. § 2283.  The court uses a four-part test to determine whether the relitigation exception applies:

> (1) the parties in a later action must be identical to (or at least in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.

Regions Bank of La. v. Rivet, 224 F.3d 483, 488 (5th Cir. 2000) (internal quotation and citation omitted).  "The relitigation exception requires that the claims or issues that the federal injunction is to insulate from litigation in state proceedings actually have been decided by the federal court."  Id.

The defendants have not established, under the fourth prong of the "relitigation exception" test that the same cause of action is involved in both the federal and state suits.  The federal complaint alleged claims, pursuant to the Civil Rights Act, that the defendants, in their official capacities, conspired to deprive her of her constitutional rights under the Equal Protection Clause, the Due Process Clause, and the First and Fourteenth Amendments of the United States Constitution.  Jumonville also alleged claims under the Louisiana Constitution and of defamation.  Issues concerning the resolution of the City Council or the demolition of Jumonville's property were not before the court.  In footnote one of the order and reasons of February 26, 2008, the court specifically stated that there was "no federal jurisdiction to appeal

the resolution of the City Council." Accordingly, no judgment of this court is implicated, and the court is not authorized to issue an injunction. The defendants' motion for a preliminary injunction is denied.

New Orleans, Louisiana, this __25th__ day of August, 2008.

          **MARY ANN VIAL LEMMON**
          **UNITED STATES DISTRICT JUDGE**