UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAN P. JUMONVILLE     CIVIL ACTION

VERSUS     NO. 06-4022

CITY OF KENNER, ET AL     SECTION "S"(3)

### REPORT AND RECOMMENDATION
### REGARDING QUANTUM OF ATTORNEY's FEES

On July 31, 2006, plaintiff Jan P. Jumonville filed this action pursuant to 42 U.S.C. § 1983, inter alia, against the City of Kenner, Mayor Ed Muniz and Councilwoman-at-Large Jeannie M. Black, alleging discrimination and harassment regarding the condition of her property  The matter was set for jury trial but resolved pursuant to Defendants' Motion for Summary Judgment, which was granted. The district judge also granted defendants' request for attorney's fees and costs and referred the matter to the undersigned Magistrate Judge to determine the quantum of the award.[1]

For the reasons set forth below, **IT IS RECOMMENDED** that the defendants' Application for an Award of Attorney's Fees and Costs filed pursuant to 42 U.S.C. § 1988 be GRANTED in the **total amount of $18, 613.14** (*i.e.*, $18,450.94 for attorney's fees plus $162.20 for costs).

### PARTIES' POSITIONS

*Defendants' Application*

Defendants seek attorney's fees and costs in the total sum of $26,478.97 – i.e., $24,601.25

---

[1] *See* Order and Reasons (finding plaintiff's § 1983 claim groundless and unreasonable and granting defendants' motion for attorney's fees and costs) [Doc. # 49].

attorney's fees plus $1,878.72 expenses. They submit that the hourly rates of $100.00 (attorneys), $65.00 (lawclerk ) and $55.00 (paralegal) are reasonable. The actual time involved included 231.30 hours of attorney time ($23,130.00), 16.5 hours of law clerk time ($1072.50) and 7.25 hours of paralegal time (398.75). Defendants addressed all of the relevant factors, submitted the requisite affidavits to substantiate the billing rate and the time involved as well as contemporaneous time records as required by the local rules. Defendants highlight that, notwithstanding the fact that the plaintiff's complaint was resolved *via* summary judgment, her claims ran the gamut. More particularly, defendants motion necessarily included research and briefing regarding no less than 10 different constitutional issues and state law claims including 42 U.S.C. §§ 1981, 1983, 1985 and 1986, 18 U.S.C. §§ 1951 and 1962, the 1st and 2nd Amendments of the United States Constitution, Article 1 § 4 of the Louisiana Constitution and the Louisiana state law claim of defamation. Defendants' submit that their motion for summary judgment was necessarily time consuming and prolix considering the nature and extent of the plaintiff's allegations and the substantial amount of discovery supporting defendants' dispositive motion. A settlement conference was conducted to no avail and the defendants submit that they necessarily prepared for trial, which was imminent when summary judgment issued in their favor.

*Plaintiff's Opposition*

Plaintiff does not take issue with the defense counsel's reasonable hourly rates. However, Jumonville submits that the defense counsel's "block billing" – *i.e.*, using a single time entry to cover multiple related tasks – makes it difficult to distinguish between work which is compensable and work which is not. Plaintiff notes jurisprudence which requires attorneys to review their bills and to exclude unnecessary time and costs and to excise hours that are redundant or otherwise

2

excessive. Plaintiff alleges that she has identified numerous instances of block billing and double billing (meaning billing for two attorneys to accomplish one task) and billing for excessive or duplicative research. Plaintiff further claims that the descriptions of the work provided by counsel are vague. In this regard, Jumonville identifies numerous instances of vague, block and/or duplicate billing in a ten-page detailed spreadsheet attached to her opposition memorandum as Plaintiff's Exhibit "1". Plaintiff further objects to costs being taxed for postage, parking and overnight copying services. In this regard, plaintiff contends that the defendants' submission is not supported by the dates such costs were incurred or receipts and that such expenses are not contemplated by 28 U.S.C. § 1920. Jumonville further alleges that the affidavits submitted by defense counsel are irreconcilable and/or inconsistent.[2]

*Defendants' Reply*

Defendants point out that there is in fact no inconsistency in the affidavits submitted by Leslie Trufant and Patricia LeBlanc in support of their application for fees. In this regard, defendants submits that a close review of same reveals that the affidavit of Patricia LeBlanc contemplates additional work and expenses that were incurred after Ms. Trufant submitted her affidavit. Ms. Trufant's affidavit was executed on March 12, 2008 and the calculation is based upon billing statements and charges reviewed through February 29, 2008. Ms. LeBlanc executed her affidavit on May 21, 2008 and considers billing statements through May 14, 2008. In light of the foregoing, defendants submits that the affidavits are entirely consistent and Ms. LeBlanc's affidavit reflects the most current calculation of attorney's fees and costs incurred in the defense of the

---

[2]Originally, plaintiff claimed that the defendant's application for fees was not timely filed but later withdrew that argument. Accordingly, timeliness is not addressed herein.

plaintiff's claims. Defendants do not address plaintiff's arguments regarding "block billing," "double billing," vague descriptions of services performed or otherwise failing to exercise billing judgment. Defendants also do not address plaintiff's arguments regarding reasonableness of the expenses for which they seek reimbursement considering the governing law.

## THE LODESTAR METHOD

Determination of the reasonableness of defendants' fee application is a two-step process that begins with determination of the "lodestar" amount. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express*, *Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.[3]

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award

---

[3]*Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir.1999); *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993)).

in similar cases.[4]

Of the aforesaid *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel.[5] Three of the Johnson factors – complexity of the issues, results obtained and preclusion of other employment – are generally fully reflected and subsumed in the lodestar amount.[6] Additionally, since the *Johnson* decision issued, the Supreme Court has barred any use of the sixth factor ( *i.e.*, whether the fee is fixed or contingent).[7]

The lodestar is presumptively reasonable and should be modified only in exceptional cases.[8] Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.[9]

As aforestated, defendants seek attorney's fees and costs in the total sum of $24,601.25, charging hourly rates of $100.00, $65.00 and $55.00 for attorneys', law clerk's and paralegal's services, respectively. The actual time charged includes 231.30 hours of attorney time ($23,130.00), 16.5 hours of law clerk time ($1,072.50) and 7.25 hours of paralegal time (398.75).

---

[4] *Johnson*, 488 F.2d at 717-19.

[5] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

[6] *Heidtman*, 171 F.3d at 1043; *Shipes*, 987 F.2d at 319-22 & n.9).

[7] *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir.1996) (*citing City of Burlington*, 505 U.S. at 567 and *Shipes*, 987 F.2d at 323).

[8] *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993); *Heidtman*, 171 F.3d at 1043.

[9] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir.1995).

*Hourly Rates Charged by Defense Counsel*

First, it must determined whether the customary hourly rate of $100.00 charged by defense counsel is reasonable. An attorney's requested hourly rate is *prima facie* reasonable when counsel requests that the lodestar be computed at his or her customary billing rate. Plaintiff does not object to the hourly rates charged by defense counsel; however, plaintiff contends that defense counsel failed to exercise billing judgment by excising redundant or excessive time charges. The $100.00 hourly rate charged by defense counsel in this case is within the range of prevailing market rates in the Greater New Orleans area. It is also well established that fees for paralegal time are recoverable and the rates charged by defense counsel for services rendered by law clerks and paralegals is reasonable in light of the prevailing market rate.[10]

*The Hours Charged by Defense Counsel*

Next, the Court must determine the reasonable number of hours that defense counsel expended on the litigation. The burden of proving the reasonableness of the hours expended is on the fee applicant.[11] As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees.[12] Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[13] The fee seeker's attorneys "are charged with proving that they exercised billing

---

[10]*Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir.2001); *Walker*, 99 F.3d at 773.

[11]*Mota*, 261 F.3d at 528.

[12]*Watkins*, 7 F.3d at 457.

[13]*Walker*, 99 F.3d at 769.

judgment."[14] When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended.[15]

Plaintiff specifically challenges vague, excessive, redundant or otherwise unnecessary billing. More particularly, Plaintiff's Exhibit "1" (Doc. 53-2) is a ten-page spread sheet detailing numerous instances of "vague," "block" and "duplicate" billing, as previously defined herein. Indeed, this Court has conducted a line by line review of the defense counsel's billing statement together with the plaintiff's detailed objections. The undersigned will not recapitulate the detailed spreadsheet analysis set forth in Plaintiff's Exhibit "1"; instead, it is incorporated herein by reference.

For their part, defendants solely address the plaintiff's argument regarding perceived inconsistencies in defense counsel's affidavits which were executed at different stages of the case. Defense counsel does not address the plaintiff's argument regarding their failure to exercise billing judgment. Moreover, it is not apparent to this Court that billing judgment was exercised at all. No charges for services appear to have been excised by defense counsel[16] and plaintiff's detailed analysis appears to be substantially correct.

Regardless of defense counsel's "conservative"[17] or reasonable hourly rates, redundant or otherwise excessive billing is unreasonable and unwarranted and should have been excised pursuant to counsels' review of the billing statements. The plaintiff should not be tasked to reimburse

---

[14]*Id.* at 770.

[15]*Hensley*, 461 U.S. at 434.

[16]There are only a few redactions from the contemporaneous timesheets provided by defense counsel and excised information is apparently information subject to the attorney-client privilege.

[17]Affidavit of Patricia LeBlanc at ¶ 7 (Doc. # 52-2).

defendants for the excess and/or duplication of efforts.

As discussed above, in light of plaintiff's objections and in accordance with the standards set forth in *Hensley*, this Court has undertaken a line-by-line review of the time records in conjunction with the parties' written submissions for the purpose of identifying and excluding any "excessive, redundant, or otherwise unnecessary" hours.[18] Because, in many instances, defense counsel's listings included a number of ill-defined tasks either all performed in the same day or at the same time, providing only a lump sum total, it is difficult for this Court to determine the actual time spent on each task. Accordingly, the Court will deduct 25% from the total fee billed to account for vagueness, block billing, duplicate billing and the complete failure to exercise billing judgment.

*Calculation of the Lodestar*

The lodestar amount of hours multiplied by the reasonable rates set forth above is detailed below, to wit:

| | | | |
|---|---|---|---|
| Attorneys | 231.30 hours @ $100.00 | = | $23,130.00 |
| Law Clerk | 16.5 hours @ $65.00 | = | $ 1,072.50 |
| Paralegal | 7.25 hours @ $ 55.00 | = | $   398.75[19] |
| Total Attorney's Fees Charged | | | $ 24,601.25 |
| Less 25% re Absence of Billing Judgment | | | -  6,150.31 |
| LOADSTAR | | | $ 18,450.94 |

The lodestar should be enhanced or reduced only in exceptional cases.[20] This is not an

---

[18]*Hensley*, 461 U.S. at 433-45.

[19]*See* LeBlanc Affidavit at ¶8 (Doc. #52-2).

[20]*Watkins*, 7 F.3d at 457 (*citing City of Burlington*, 505 U.S. at 562).

exceptional case. In making this determination, the factors articulated in *Johnson* have been considered and applied, as required by the Fifth Circuit.[21] Those factors have been evaluated as follows:

(1) The time and labor required have already been considered in reaching the lodestar;

(2) This matter was resolved via summary proceeding, thus the questions involved in this case were not so novel or difficult so as to require an upward adjustment;

(3) The skill required to perform the legal service properly is connected to the second factor and has already been taken into account in defense counsel's hourly rate;

(4) Defense counsel does not contend that the firm was precluded from taking other employment and the Fifth Circuit has held that this factor is already "fully reflected and subsumed in the lodestar amount;"[22]

(5) After the percentage reduction discussed above for failure to exercise billing judgment, *inter alia*, the fees charged were customary;

(6) No contingency contract is at issue and, as a matter of law, a contingent fee contract cannot be used to affect the lodestar;

(7) There were no significant time limitations imposed by the circumstances;

(8) The result obtained by the defendants was a complete success, which has already been taken into account;

(9) The experience, reputation, and ability of counsel has already been considered in determining the lodestar;

---

[21]*Riley*, 99 F.3d at 760; *LP & L*, 50 F.3d at 331.

[22]*Heidtman*, 171 F.3d at 1043.

(10) Neither the defendants nor the plaintiff contend that the case was undesirable;

(11) The defendants relationship with counsel is unknown; and

(12) Neither the defendants nor the plaintiff have identified any factually apposite cases to compare for purposes of adjusting the quantum of the fee award.

None of the twelve factors weigh in favor of enhancement. In light of the 25 % reduction previously made for failure to exercise billing judgment, *inter alia*, no further downward adjustment is warranted. The reasonable hours spent multiplied by counsel's reasonable hourly rates yields a reasonable attorney's fee award of $18,450.94 as explained above.

Accordingly, IT IS RECOMMENDED that the defendants be awarded attorney's fees pursuant to 42 U.S.C. §1988 in the amount of **$18,450.94.**

*Costs*

The defendants seek $1,878.72 in costs. Defense counsel's itemization of costs advanced is disputed only insofar as defendants seek reimbursement for postage/delivery, parking and overnight copy services. In this regard, plaintiff submits that such costs are not recoverable under Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, which allows reimbursement for fees for the clerk, marshal and court reporter, fees for printing and witnesses, fees for exemplification of papers necessarily obtained for use in the case and docket fees under section 28 U.S.C. § 1923.

The applicable law is that costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.[23] Pursuant to § 1988, which governs the fee award in this case, all reasonable out-of-pocket expenses are recoverable if they are

---

[23]Fed.R.Civ.P. 54(d).

10

costs normally charged to the fee paying client.[24] Before the court can tax costs, it must find that the costs were necessarily incurred in the litigation and this finding must be based on some proof of the necessity.[25]

The defendant has failed to address plaintiff's argument regarding some proof regarding the necessity of the disputed costs. Aside from the affidavit of counsel which fails to specifically address the necessity of the disputed costs, such proof is absent. In any event, the Court is persuaded that the cost of overnight copying services and postage which are otherwise unexplained cannot be justified in this case.

In summary, considering the absence of proof of necessity and defendants' failure to address the plaintiff's argument regarding proof of necessity, the undersigned recommends a $ 1,716.52 deduction for the costs incurred for postage and overnight copying services.[26] The expense of parking in *downtown* New Orleans necessarily incurred for the purposes of participation in the settlement conference cannot be *reasonably* questioned. Moreover, the conservative amount charged for parking ($2.50) is not disputed.

Accordingly, IT IS RECOMMENDED that the defendants be awarded costs in the amount of **$ 162.20** ($1878.72 less $1716.52).

## CONCLUSION

---

[24] *See Lalla v. City of New Orleans,* 161 F. Supp. 2d 686, 712 (E. D. La. 2001) (awarding clerk filing fees, copying costs, deposition transcript costs); *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board,* 919 F.2d 374. 379 (5th Cir. 1990).

[25] *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994).

[26] Defense counsel included the following disputed charges for postage and overnight/color copying expenses, to wit: $58.86 overnight copy service 8/31/07; $1,486.22 overnight copy service color copies 3/14/08; $5.96 postage 8/31/07; $6.37 postage 10/31/07; $3.04 postage 12/31/07; and $5.05 postage 1/31/08 (Doc. 52-2).

For the foregoing reasons, **IT IS RECOMMENDED** that the defendants' §1988 Application for an Award of Attorney's Fees and Costs be GRANTED in the **total amount of $18, 613.14** (*i.e.*, $18,450.94 for attorney's fees plus $162.20 for costs).

## OBJECTIONS

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 6th day of November 2009.

                                                DANIEL E. KNOWLES, III
                                                UNITED STATES MAGISTRATE JUDGE